UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

Case No.: _____

MICHAEL ESPOSITO, on behalf of
himself and all others similarly situated,

    Plaintiff,

v.

I.Q. DATA INTERNATIONAL, INC.,

    Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiff, Michael Esposito (hereinafter "Mr. Esposito"), individually and on behalf of others similarly situated, files this action against Defendant I.Q. Data International, Inc. (hereinafter "I.Q. Data") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*, and the Florida Consumer Collection Practices Act ("FCCPA"), Section 559.72, Florida Statutes. In support, Plaintiff alleges the following:

### INTRODUCTION

1. This case arises out of the substantive rights of Plaintiff and Class Members under the FDCPA and the FCCPA.

2. Plaintiff and Class Members have entered residential leases in Florida and, in lieu of tendering security deposits for them, executed surety bonds marketed under the name "SureDeposit." Defendant I.Q. Data is a debt collector that companies have hired to collect monies from Plaintiff and Class Members allegedly due on those bonds and leases secured by them.

3. Plaintiff's complaint is that in collecting these debts allegedly due from Plaintiff and Class Members, I.Q. Data has routinely and systematically mailed them and other former

tenants letters demanding they pay not only debts allegedly due, but also interest on those bond debts.

4. Imposing interest on these debts allegedly due with no judgment issued or prior agreement is unlawful. The FDCPA requires debt collectors including I.Q. Data to represent debt information in a non-misleading manner and not to misrepresent amounts owed. I.Q. Data's collection letters violate both these proscriptions. Also, I.Q. Data violates the FCCPA because it regularly attempted and did collect interest on these alleged debts when it knew it had no legal right to do so and the alleged debts including interest are illegitimate.

5. For the foregoing conduct as detailed more fully below, Plaintiff brings two counts: Count I for I.Q. Data's violation of the FDCPA; and Count II for its violation of the FCCPA. Defendant violated Plaintiff's and Class Members' substantive rights under these statutes, causing Plaintiff Esposito and the putative Class Members cognizable injuries, giving rise to this action for actual and statutory damages under them.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises out of the FDCPA, a federal statute.

7. The Court has personal jurisdiction because Defendant does business throughout the United States, including Florida and this District, and because specific conduct and acts giving rise to this litigation occurred in Florida.

8. Also, at all times material to this action, Defendant has maintained voluntary, continuous, and systematic contacts with Florida making it foreseeable Defendant would be subject to this Court's jurisdiction, including collecting debts through telephone calls and the mail in Florida, and transacting substantial and regular debt collection business in or affecting Florida, including, collecting consumer debts of Plaintiff's and Class Members' including alleged interest based on "SureDeposit" bonds in this District and throughout Florida; including

that Defendant has held a license as a consumer collection agency issued by the Florida Office of Financial Regulation for over a decade; including that Defendant has been registered to conduct business here as a foreign corporation with the Florida Secretary of State, Division of Corporations, during the same time period; and including that Defendant been sued several times in Florida and admitted allegations of jurisdiction in Florida.

9. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced and because Defendant's contacts with this District are sufficient to subject it to personal jurisdiction.

10. All conditions precedent to the filing of this action, if any, have been performed, have occurred, or have been waived.

## PARTIES

11. Plaintiff Michael Esposito (hereinafter "Mr. Esposito") is natural person, citizen of Florida, and a consumer within the meaning of the FDCPA. On or about June 17, 2015, Plaintiff entered into a residential lease with Broadstone Clearwater LLC (not a party to this action) and in doing so, executed a "SureDeposit" tenant bond to secure payment on any unpaid rent and/or property damage to the residential property rented. *See* **Exhibit A** hereto.

12. Each Class Member is a consumer who has entered this same form residential tenant bond instrument or a substantially and materially similar standardized bond instrument as Plaintiff and been charged interest by I.Q. Data in collecting alleged debts on them via the substantially the same collection letters.

13. Defendant I.Q. Data International, Inc. (hereinafter "I.Q. Data") is a Washington corporation and citizen with a principal place of business in Everett, Washington. Its principal business is collecting defaulted debts owed to another, and it regularly uses the mails to collect

such debts. Defendant was hired by Broadstone Clearwater to collect an alleged tenant bond debt owed by Plaintiff and hired by Broadstone Clearwater or other parties to collect on the alleged tenant bond debts of Class Members. Defendant specializes in providing collection services to residential apartment complexes nationwide.

## APPLICABLE LAWS

**Fair Debt Collection Practices Act**

14. The purpose of the FDCPA is "to eliminate abusive debt collection practices . . . to promote consistent State action to protect consumers against debt collection abuses…" 15 U.S.C. § 1692.

15. The FDCPA generally prohibits debt collectors, including I.Q. Data, from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" [§ 1692e], and the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f, including, but not limited to,

   a. False representations or misrepresentations of "the character, amount, or legal status of any debt." *Id.* at § 1692e(2)(A);

   b. False representations or misrepresentations of any "compensation which may be lawfully received by [the] debt collector for the collection of a debt." 15 U.S.C. § 1692e(2)(B);

   c. "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id.* at § 1692f(1); and,

   d. "The use of any false representation or deceptive means to collect or attempt to collect" a debt. *Id.* at § 1692e(10).

**Florida Consumer Collection Practices Act**

16. The purpose of the FCCPA is to "provide the consumer with the most protection possible." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010) (citing § 559.552, Fla. Stat.).

17. Like the FDCPA, the FCCPA prohibits persons, including I.Q. Data, from engaging in certain abusive practices in the collection of consumer debts. *See generally* § 559.72, Fla. Stat.

18. Specifically, the FCCPA states that no person, including I.Q. Data, shall "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." § 559.72(9), Fla. Stat.

## FACTUAL ALLEGATIONS RELATING TO PLAINTIFF

19. On June 17, 2015, Plaintiff entered into a yearlong Florida/National Apartment Association Official lease form for a residential apartment located at 2174 Druid Road, Clearwater, Florida 33764, which was part of the Broadstone Clearwater community.

20. In lieu of a security deposit, plaintiff purchased a "SureDeposit" tenant bond to secure payment on any unpaid rent and/or property damage to Druid Road apartment Plaintiff rented. *See* Exhibit A.

21. On November 4, 2015, Plaintiff voluntarily moved out of a rental apartment in the Broadstone Clearwater community. At that time, Plaintiff voluntarily turned over possession of the apartment to the landlord, Broadstone Clearwater LLC. The apartment had been Plaintiff's primary and personal residence.

22. Almost immediately after Plaintiff moved out of the apartment, the landlord referred Plaintiff's account to I.Q. Data for collection.

23. After Plaintiff moved out of the apartment, the landlord contended that Plaintiff

still owed an unpaid balance of $3,017.37, which allegedly consisted of a certain amount of unpaid rent, a certain amount of unpaid utility bills, and charges for repair of some alleged minor damages to the apartment. *See* **Exhibit B**.[1]

24. **The Collection Letter**. After the referral from the landlord, I.Q. Data mailed Plaintiff a collection letter dated December 7, 2017, to his Florida residence, a true and accurate copy of which is attached hereto as **Exhibit C** and incorporated fully herein by reference.

25. This collection letter identifies I.Q. Data as a debt collector and imposes a rate of interest on what Mr. Esposito allegedly owed, stating,

```
This communication from a debt collector is an attempt to collect a debt
and any information obtained will be used for that purpose. Your outstanding
principal balance will accrue interest at a rate of 004.75 percent per annum.
```

26. It also demands that Mr. Esposito "remit the balance in full of $ 3317.37," which includes $149.14 of accumulated interest charges allegedly due on the bond. *Id.*

27. In truth and in fact, this demand was false and misleading: There was no interest due, and no interest accruing, on the bond.

28. Plaintiff's tenant bond did not provide for interest charges on unpaid balances. *See* Exhibit A. Any liability to the surety was limited to the amount of the bond. *Id.*

29. I.Q. Data did not state whether the interest charges may be disputed or what provision of the tenant bond gives rise to them.

30. Moreover, Florida law governing residential landlord-tenant relations has no provision permitting or regulating tenant bonds and certainly no provision allowing interest on them.

31. Under Florida law, for a party to be entitled to prejudgment interest, it must have

---

[1] Plaintiff does not concede that the landlord's accounting is correct, nor does he concede that any of the balance is actually owed to the landlord.

[1725264/1]     6

received a judgment. Yet, no one has sued Plaintiff or obtained a judgment over his alleged unpaid balance owed on his tenant bond.

### DEFENDANT'S UNIFORM COURSE OF CONDUCT

32.   Mr. Esposito's experience is not unique. I.Q. Data has regularly collected on the alleged residential tenant bond debts of Class Members defined below, and in collecting those debts, I.Q. Data has routinely and systematically charged Class Members interest on those debts via standardized collection letters mailed to them in Florida. *See* Exhibit C.

33.   Upon information and belief, I.Q. Data tracks its general business practices as it relates to each member of the Class, including Plaintiff, electronically, and maintains electronic records that are searchable regarding the debts it collects, the debtors' identities, account numbers assigned them, the principal allegedly owed, the interest imposed and paid, tenancy dates of the consumer debtors, and the lease and tenant bond instruments tenants executed.

34.   Upon information and belief, I.Q. Data tracks via electronic records their written requests for information from tenant debtors, communications with them, and collection letters sent them.

35.   Each Class Member like Plaintiff has executed the standardized "SureDeposit" residential tenant bond, or a substantially and materially similar standardized instrument, which, as stated above, as with Florida law, contains no provision allowing for interest charges on tenant bonds. *See* Exhibit A.

36.   Nevertheless, upon information and belief, as a matter of corporate policy and routine and general business practice I.Q. Data charged Plaintiff and each Class Member interest on bond debts allegedly owed on their bonds.

37.   Upon information and belief, as with Plaintiff, Defendant charged interest through collection letters as a matter of routine and general business practice based on a standardized,

[1725264/1]                                                        7

computer-generated form. *See* Exhibit C.

38. Upon information and belief, Defendant's debt collections and communication are part of an automated debt collection process whereby collections communications, procedures, and polices are implemented automatically via computer programming.

39. Upon information and belief, the collection letters Defendant sent Plaintiff and Class Members have been part of an automated debt collection process implementing a widespread practice and policy of Defendant to assess monthly interest charges on purportedly unpaid residential tenant bond balances on Florida consumers, including Plaintiff and Class Members, regardless that there was no judgment for the purportedly unpaid amount and the "SureDeposit" tenant bond did not allow for the recovery of interest.

40. Despite that no agreement and no provision of Florida law authorized the interest Defendant imposed, I.Q. Data uniformly included in preprinted texts of its collections letters materially similar language,

    a.    Identifying I.Q. Data as a debt collector and the letter as a communication from a debt collector;

    b.    Stating that the principal balance will accrue interest;

    c.    Requiring the principal balance be remitted including interest on the "SureDeposit" or similar bond amount allegedly owed; and,

    d.    Omitting information explaining what provision of the tenant bond or law entitles I.Q. Data to charge the interest.

*See* Exhibit C.

41. **I.Q. Data's Knowledge**. What's more, I.Q. Data has systematically made these demands for interest when it knew these were not legitimate debts and that it had no lawful right to collect them.

42. I.Q. Data is a sophisticated debt collector monitoring changes in the law and fully knowing the terms of the bonds on which it collects and the statuses of the debts it collects on those bonds. It has been operation for over 15 years. It concentrates primarily on collecting rent from previous residents of multifamily properties. It has been a defendant in numerous FDCPA lawsuits.

43. Its collections and communication about them to debtors, are part of routine policy and procedure, which Defendant has memorialized in writing to its employees. It has in-house employees that review and approve communication forms to ensure their legality before they are used. Nonetheless Defendant routinely mailed collection letters to collect debts and interest allegedly due on tenant bonds in Florida, when those bonds did not allow charging interest.

44. In addition, Defendant is well-versed in Florida law and holds a license as consumer collection agency here, which it renews annually. *See* § 559.553, Florida Statutes. Defendant routinely sent the collection letters despite that, under Florida law, in the absence of a prior agreement, prejudgment interest is not allowable absent a judicial determination of liability or jury verdict determining liability.

45. Also, well before the collection letters at issue, Defendant was sued for the same illegal conduct of imposing interest on tenant bonds in violation of the FDCPA and/or FCCPA, in which the court found Defendant liable. *See, e.g., Galdamez v. I.Q. Data Int'l, Inc.*, 170 F. Supp. 3d 890 (E.D. Va. 2016). Also, in the Eleventh Circuit debt collectors may only charge items that are specifically set forth in instruments allegedly creating the debt. *See Prescott v. Seterus, Inc.*, 635 Fed. Appx. 640, 647 (11th Cir. 2015) ("[The defendants] violated the…FDCPA and FCCPA by charging [the plaintiffs] estimated attorney's fees that they had not agreed to pay in the security agreement.").

46. **The Common Injury**. The FDCPA and the FCCPA respectively create shared, substantive statutory rights for Plaintiff and Class Members.

47. The FDCPA creates a private right of action under 15 U.S.C. § 1692k. By the

[1725264/1] 9

FDCPA Congress created shared, substantive statutory rights of Plaintiff and Class Members to be enforced privately, including,

    a. The rights to receive accurate information, representations, and disclosures, about debts, including interest charges comprising them;

    b. The rights to receive information, representations, and disclosures, about debts, including the interest charges comprising them, that do not falsely or in a misleading manner state, or do not mispresent, "the character, amount, or legal status of any debt;"

    c. The rights to receive information, representations, and disclosures, about debts, including interest charges comprising them, that do not falsely or in a misleading manner state, or do not mispresent, the interest "compensation which may be lawfully received by any debt collector for the collection of a debt;"

    d. The rights to be protected from unfair or unconscionable practices in collections of their debts, including, but not limited to, the right to be obligated for and subject to collection of debt amounts and interest charges only when expressly authorized by the agreement creating the debt or permitted by law; and,

    e. The rights to protection from deceptive means of collecting debts, including representing interest charges comprising them.

*See* 15 U.S.C. §§ 1692, 1692e, 1692f, 1692k.

48.   As stated above, I.Q. Data through its collection letters demanded Plaintiff and Class Members remit payment of interest on tenant bond debts and has attempted to collect and collected interest on residential tenant bond debts when such interest is not permitted under Florida law and under the "SureDeposit" bonds. Also, Defendant's collection letters contained absolutely no information indicating what provision of the tenant bond or law entitles I.Q. Data to charge the

interest.

49. By I.Q. Data's imposition and representations that interest was due as part of the total amount that Plaintiff and each Class Member must remit, I.Q. Data violated the shared, substantive statutory rights of Plaintiff and each Class Member under the FDCPA, because in that imposition it,

    a. Falsely or in a misleading manner stated, or mispresented the total amount of debt owed by Plaintiff and each Class Member;

    b. Falsely or in a misleading manner stated, or mispresented the characters, amounts, or legal statuses of their debts;

    c. Falsely or in a misleading manner stated, or mispresented the compensation that I.Q. Data might lawfully receive for the collection of their debts;

    d. Engaged unfair or unconscionable practices in collections of amounts due, by imposing debt amounts including interest, when interest charges were not expressly authorized by the tenant bonds creating the debt or not permitted by law; and,

    e. Engaged in deceptive means of collecting debts, including interest, by representing them in an inaccurate manner or in a manner that would likely mislead a consumer.

50. The FCCPA also creates a private right of action. *See* § 559.77, Fla. Stat. By the FCCPA the Florida Legislature created shared, substantive statutory rights of Plaintiff and Class Members to be enforced privately, including, but not limited to, the rights to be protected from collection of their debts (a) by persons who know that the debts they are attempting collect from them are not legitimate or (b) by persons that assert the existence of some legal right *vis-à-vis* their debts when such person knows that the right does not exist. §§ 559.72, 559.72(9), 559.77, Fla. Stat.

51. By I.Q. Data's imposition and representations that interest was due as part of the total debt amount that Plaintiff and each Class Member must remit, I.Q. Data attempted to collect and

did collect debts when it knew,

    a. That it had no legal right to collect them or that the debts were not legitimate under the terms of Plaintiff's and Class Members' tenant bonds; and,

    b. That it had no legal right to collect them or that the debts were not legitimate because they were not permitted by law.

## CLASS ACTION ALLEGATIONS

52. Plaintiff asks to be designated as a "Class Representative," and as Class Representative brings this action under Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of all other persons similarly situated—the "Class" or "Class Members" defined as follows:

> Within the applicable statutes of limitation, all natural persons in Florida, (a) who executed a "SureDeposit" tenant bond or a substantially similar standardized residential tenant bond instrument; and (b) whom Defendant sent a collection letter representing that the debt it was collecting included interest on the bond debt.

Plaintiff and Class Members reserve the right to amend the Class definitions as discovery proceeds and to conform to the evidence. Excluded from the Class are persons whose collection letters according to Defendant's records were returned as undeliverable, persons whose tenant bonds were for commercial purposes, not for personal, family, or household purposes, and Defendant, and any subsidiary or affiliate of Defendant, and the directors, officers and employees of Defendant or its subsidiaries or affiliates, and members of the federal judiciary.

53. **Numerosity (Rule 23(a)(1))**. Plaintiff alleges on information and belief that the number of Class Members is so numerous that joinder of them is impractical. At this time, Plaintiff does not know the exact number of Class Members, but the members of the Class will be easily ascertained through Defendant's electronic records, data, and databases. Plaintiffs' belief is bolstered by information indicating a prior class action over Defendant's charging alleged tenant bond interest in Florida, included 1000 members in the Northern District of Florida alone.

54. **Commonality (Rule 23(a)(2))**. There are common questions of law and/or fact that predominate over any questions affecting only individual members of the Class. These predominant common questions of law and/or fact include the following:

    a. Whether Defendant is authorized under Florida law to collect interest on "SureDeposit" or other substantially similar tenant bond debts;

    b. Whether interest on tenant bond debts is a legitimate debt of Plaintiff and Class Members that Defendant has a legal right to collect and if not whether Defendant's attempt to collect interest violates the FCCPA;

    c. Whether Defendant's attempts to collect and collections of interest on the tenant bond debts of Plaintiff and Class Members violate the FDCPA;

    d. Whether Plaintiff and Class Members are entitled to actual damages under the FCCPA or FDCPA; and,

    e. Whether Plaintiff and Class Members are entitled to statutory damages under the FCCPA or FDCPA.

55. **Typicality (Rule 23(a)(3))**. The claims of the Class Representative are typical of the claims that would be asserted by other members of the Class in that, in proving his claims under the FDCPA and FCCPA, Plaintiff will simultaneously prove the claims of all Class Members. The rights afforded under the FDCPA and the FCCPA are the same for Plaintiff and Class Members. Plaintiff and each Class Member entered a substantially similar standardized tenant bond and was sent the standardized collection letter described above by Defendant, when it was trying to collect a debt allegedly due under the bond. If this conduct violates the FDCPA and the FCCPA, it is does so not only for Plaintiff but for each Class Member. Moreover, any statutory damages awarded under those statutes will be formulaic.

56. **Adequacy (Rule 23(a)(4))**. The Class Representative is a natural person tenant bond

was issued in Florida, and he has no conflicts of interest and will fairly and adequately protect and represent the interests of each member of the Class. Additionally, the Class Representative is fully cognizant of its responsibility as Class Representative and has retained experienced counsel fully capable of, and intent upon, vigorously pursuing the action. Each class counsel has extensive experience in class and/or FDCPA or FCCPA claims in this District. Whether the Reinstatement Letters contained clear, conspicuous, accurate information and disclosures about the fees owed and total amounts dues on Plaintiffs' and Class Members' mortgages, and if not whether PNC violated RESPA;

57.     **Predominance and Superiority Rule 23 (b)(3)**. The common questions identified above predominate over any questions of law or fact affecting only individual members of the Class. Moreover, class treatment is clearly superior to other available methods for the fair and efficient adjudication of this controversy.

### COUNT I
### (Fair Debt Collection Practices Act 15 USC §§ 1692e, 1692f)

58.     Plaintiff incorporates by reference paragraphs 1-15, 19-40, 46-49, and 52-57, as if set forth fully herein.

59.     Plaintiff and each Class Member was a "consumer" as defined by 15 U.S.C. § 1692a(3) when each entered a residential tenant bond in Florida.

60.     The monies including interest allegedly owed on tenant bonds of Plaintiff and Class Members are debts under the FDCPA because each is "an[] obligation or alleged obligation of a consumer to pay money arising out of a transaction . . . [that is]…primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

61.     I.Q. Data is a "debt collector" of debts as defined by 15 U.S.C. § 1692a(6) because it regularly attempts to collect, and collects, amounts owed or asserted to be owed or due another, including the residential tenant bond debts from Plaintiff and Class Members via collection letters.

[1725264/1]                                                   14

The collection letters described above indeed uniformly confirmed this by identifying Defendant as a debt collector.

62. I.Q. Data engaged in direct "communications" with Plaintiff and Class Members as defined by 15 U.S.C. § 1692a(2) when it sent them or their representatives collection letters, purportedly demanding money due on their tenant bonds.

63. The FDCPA creates a private right of action under 15 U.S.C. § 1692k.

64. As stated above in paragraphs 46-49, Congress created shared, substantive statutory rights of Plaintiff and Class Members to be privately enforced and protected under the FDCPA, which Defendant has violated. *See* 15 U.S.C. §§ 1692, 1692e, 1692f.

65. 15 U.S.C. §1692e states, in relevant part,

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> ......
>
> (2) The false representation of—
> (A) the character, amount, or legal status of any debt; or
> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
>
> .........
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

66. 15 U.S.C. § 1692f states, in relevant part,

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

67. Based on the foregoing allegations, I.Q. Data used deceptive means of collecting

debts in violation of 15 U.S.C. § 1692e(10), because it imposed interest when stating debts owed via collection letters, which is confusing, inaccurate, or would likely mislead a consumer.

68. Based on the foregoing allegations, I.Q. Data violated 15 U.S.C. § 1692e(2)(A) because through its collection letters imposing interest, it falsely or in a misleading manner stated, or mispresented, the amount, character, or status of the amounts needed to pay tenant bond debts.

69. By law, interest is a form of compensation. Based on the foregoing allegations, I.Q. Data violated 15 U.S.C. § 1692e(2)(B) when through its collection letters imposing interest, it falsely or in a misleading manner stated, or mispresented, the compensation that it might lawfully receive from Plaintiff and Class Members.

70. Based on the foregoing allegations, I.Q. Data used unfair means of collecting amounts including interest due on tenant bonds, because the amounts were not expressly authorized by Plaintiff's and Class Members' tenant bonds creating their debts as they must be under those instruments, or they were not permitted by Florida law.

71. These violations of the FDCPA caused injury to Plaintiff and Class Members by violating the foregoing substantive FDCPA rights.

72. As a result of the foregoing violations of the FDCPA, Plaintiff and Class Members paid Defendant interest charges as part of the debts allegedly due on tenant bonds Defendant was collecting.

73. As a result of these violations, Plaintiff and Class Members are entitled to statutory and/or actual damages together with reasonable attorney's fees and costs under 15 U.S.C. § 1692(k).

## COUNT II
### (Florida Consumer Collection Practices Act § 559.72(9), Fla. Stat.)

74. Plaintiff incorporates by reference paragraphs 1-13, 16-46, and 50-57, as if set forth fully herein

75. Plaintiff and each Class Member was a "debtor" and "consumer" as defined by

[1725264/1]    16

Section 559.55(8), Florida Statutes, when each purchased a residential tenant bond in Florida.

76. In Section 559.72, Florida Statutes, the FCCPA mandates that "no person" shall engage in certain practices in collecting consumer debts. I.Q. Data is a "person" within the meaning of the FCCPA. *Id.*; *see also* § 1.01(3), Fla. Stat.

77. The monies including interest allegedly owed on tenant bonds of Plaintiff and Class Members are debts under the FCCPA because each one is "an[] obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." § 559.55(6), Fla. Stat.

78. The FCCPA creates a private right of action. *See* § 559.77, Fla. Stat.

79. As stated above in paragraphs 50-51, the Florida Legislature created shared, substantive statutory rights of Plaintiff and Class Members to be enforced and protected privately under the FCCPA, which I.Q. Data violated. §§ 559.72, 559.72(9), 559.77, Fla. Stat.

80. Under Section 559.72, Florida Statutes,

> In collecting consumer debts, no person shall:
> ......
> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

81. Based on the foregoing allegations, I.Q. Data violated Section 559.72(9), Florida Statutes, by attempting to collect debts including interest on tenant bonds, when, as stated above, it knew that the interest charges, and as a corollary, the total amounts incorporating them, were not legitimate debts.

82. Based on the foregoing allegations, I.Q. Data violated Section 559.72(9), Florida Statutes, by attempting to collect debts including interest on tenant bonds, when, as stated above, it knew it had no legal right to collect the interest charges, and as a corollary, no legal right to collect

the total amounts incorporating them.

83. These violations of FCCPA caused injury to Plaintiff and Class Members by violating the foregoing substantive FCCPA rights.

84. As a result of the foregoing violations of the FCCPA, Plaintiff and Class Members paid Defendant interest charges as part of the debts allegedly due on tenant bonds Defendant was collecting.

85. As a result of these violations, Plaintiff and Class Members are entitled to statutory damages and/or actual damages together with reasonable attorney's fees and costs under Section 559.77, Florida Statutes.

## JURY DEMAND

86. Plaintiff respectfully requests a trial by jury on all issues so triable.

## RELIEF REQUESTED

87. **WHEREFORE** Plaintiff, on behalf of himself and the Class, respectfully requests this Court to award against I.Q. Data in favor of Plaintiff and the Class all of the following:

   a. Certifying either Count I or Count II or both counts for class treatment under Federal Rules of Civil Procedure 23(a) and (b)(3), appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys as counsel for the Class;

   b. A judgment for actual damages under the FDCPA or the FCCPA;

   c. A judgment for statutory damages under the FDCPA or the FCCPA;

   d. A judgment for costs and reasonable attorney's fees under the FDCPA or the FCCPA; and,

   e. Any other relief for Plaintiff and the Class the Court deems just and proper.

Respectfully Submitted this 18 day of June 2018, by:

| | |
|---|---|
| ZEBERSKY PAYNE, LLP | CONSUMER LAW ORGANIZATION, P.A. |
| 110 S.E. 6th Street, Suite 2150 | 721 US Highway 1, Suite 201 |
| Ft. Lauderdale, Florida 33301 | North Palm Beach, Florida 33408 |
| Telephone: (954) 989-6333 | Telephone: (561) 692-6013 |
| Facsimile: (954) 989-7781 | Facsimile: (305) 574-0132 |
| | |
| By /s/ *Jordan Shaw* | By /s/ *Dennis Card* |
| JORDAN A. SHAW, ESQ | J. DENNIS CARD JR., ESQ. |
| Fla. Bar No.: 111771 | Fla Bar No.: 0487473 |
| Email: jshaw@zpllp.com | Email: DCard@cloorg.com |
| Secondary: mperez@zpllp.com | DARREN R. NEWHART, ESQ. |
| MARK S. FISTOS, ESQ. | Fla Bar No.:115546 |
| Fla. Bar No.: 909191 | Email: Darren@cloorg.com |
| Email: mfistos@zpllp.com | |
| KIMBERLY A. SLAVEN, ESQ. | |
| Fla. Bar No.: 117964 | |
| Email: kslaven@zpllp.com | |