UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL ESPOSITO, on behalf of himself and all others similarly situated,

    Plaintiff,

v.                        Case No: 2:18-cv-437-FtM-29CM

I.Q. DATA INTERNATIONAL, INC.,

    Defendant.

## ORDER PRELIMINARILY APPROVING SETTLEMENT AND CERTIFYING SETTLEMENT CLASS

This matter comes before the Court on plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. #39) filed on January 15, 2019. After review of the parties' Settlement Agreement, Proposed Notice of Class Action Settlement, and having been fully advised in the premises,

It is hereby

**ORDERED:**

1. Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. #39) is **GRANTED.**

2. The Court preliminarily approves the Settlement Agreement.

3. The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement).

4. By stipulation of the Parties, and pursuant to Rule 23 of the Federal Rule of Civil Procedure, the Court preliminarily certifies the following Settlement Class:

> All borrowers who, according to readily accessible data and other electronic records of I.Q. DATA, at any time during the Class Period, received a dunning letter from I.Q. Data that demanded the consumer pay interest in connection with the Sure Deposit tenant bond, as set forth in Plaintiff's Complaint.

The parties expressly agree to this Settlement Class definition for settlement purposes.

5. The Court finds that certification of the Settlement Class is appropriate because: (a) the Settlement Class is so numerous that joinder of all members is impractical; (b) there are common questions of law and fact that predominate over any questions affecting only individual class members; (c) Plaintiff will fairly and adequately protect the interests of the Settlement Class; and (d) a class action is an appropriate method for the fair and efficient adjudication of this controversy.

6. The Court appoints plaintiff Michael Esposito (Plaintiff) as "Class Representative."

7. The Court appoints J. Dennis Card, Jr. and Darren Newhart of Consumer Law Organization, P.A., Christopher Legg of

Christopher Legg, P.A., Jordan Shaw of Zebersky, Payne, Shaw & Lewenz, LLP, and Kevin Rajabalee of K.R. Legal, P.A. as "Class Counsel."

8. The Settlement Agreement proposes notice to the Settlement Class by mail. The Settlement Agreement proposes that if such mail is returned as undeliverable, notice shall be mailed to any forwarding addresses provided by the United States Postal Service. The Settlement Agreement further proposes that if no forwarding addresses are available, the Settlement Administrator shall provide Class Counsel with the names and addresses of the Class Members to whom notice was undeliverable. The Court finds that such notice satisfies the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure. The plan is approved and adopted.

9. The Court approves the form of the Notice (Doc. #39-2), with the following minor additions, indicated in underlined print:

- Page 1 of the Notice of Preliminary Class Action Settlement: "The purpose of this Notice is (a) to advise You of a proposed settlement (referred to as the "Settlement") of the above-captioned lawsuit (the "Action") pending in the United States District Court for the <u>Middle</u> District of Florida, Ft. Myers Division (the "Court"); (b) to summarize Your rights under the Settlement; and (c) to inform You of a court hearing to consider whether to finally approve the Settlement to be held on <u>October 29, 2019 at 10:00 a.m.</u> before the Honorable <u>John E. Steele</u>, United States District Court for the <u>Middle</u> District of Florida, Ft. Myers Division, Courtroom <u>6A</u>, 2110 First Street, Fort Myers, Florida 33901 (the "Final Approval Hearing").

10. The Court approves the firm Epperly Resolutions as the Settlement Administrator.

11. The Court orders that the Parties provide notice to the Settlement Class on or before June 14, 2019. The Court further orders the Parties to incorporate the following into the Class Notice:

(a) Objections to the Settlement shall be filed in this Court and postmarked and served on Class Counsel and Defendant's counsel on or before July 29, 2019, or be forever barred. Any member of the Settlement Class who intends to object to the Settlement Agreement must send to the Court, Class Counsel, and Defendant's counsel a written statement that includes: his or her full name, address, and telephone number; the case name, Esposito v. I.Q. Data, Inc.; the address of the property for which he or she purchased a SureDeposit tenant bond; all grounds in detail for the objection; the identity of any witnesses he or she may call to testify; copies of any exhibits that he or she intends to introduce into evidence at the Final Approval Hearing; and a statement of whether he or she intends to appear at the Final Approval Hearing with or without counsel.[1] Any member of the

---

[1] The Court has deleted the Proposed Notice's required inclusion of "case [] number" and "address and telephone number of your attorney if you have one."

Settlement Class who fails to timely file a written objection in accordance with the terms of this paragraph and as detailed in the Notice shall not be permitted to object to the Settlement Agreement at the Final Approval Hearing.

    (b)   Requests by any Settlement Class member to opt out of the Settlement must be postmarked and submitted to the Settlement Administrator (with a copy to Defendant's counsel) on or before July 29, 2019, or be forever barred.  In order to exercise the right to be excluded, a member of the Settlement Class must timely send a written request for exclusion to the Settlement Administrator and Defendant's counsel that includes: his or her full name, address, and telephone number; the case name, <u>Esposito v. I.Q. Data, Inc.</u>; a statement that the member of the Settlement Class submitting the request wishes to be excluded from the Settlement; and the personal signature of the member of the Settlement Class submitting the request or the signature of that member's duly-authorized attorney.  A request to be excluded that does not include all of the foregoing information, or that is not sent to the addresses designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and any person serving an invalid request shall be a Settlement Class Member and shall be bound as a Settlement Class Member by the Settlement Agreement, if approved.  Any member of the

Settlement Class who elects to be excluded shall not: (i) be bound by the Final Approval Order and Judgment; (ii) be entitled to relief under the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement Agreement.

12. The Final Approval Hearing is hereby scheduled for October 29, 2019 at 10:00 a.m. in Fort Myers Courtroom Room 6A before The Honorable John E. Steele.

**DONE and ORDERED** at Fort Myers, Florida, this ___25th___ day of April, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record