```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

MICHAEL ESPOSITO, on behalf
of himself and all others
similarly situated,

      Plaintiff,

v.                               Case No: 2:18-cv-437-JES-NPM

I.Q DATA INTERNATIONAL, INC.,

      Defendant.

_____

**ORDER GRANTING APPROVAL OF**
**CY PRES RECIPIENTS AND AMOUNTS**

This matter comes before the Court on plaintiffs' Unopposed Motion for Approval of Cy Pres Recipients and Amounts (Doc. #55) filed on April 13, 2021. For the reasons set forth below, the motion is granted.

**I.**

On October 30, 2019, this Court granted final approval of the class action settlement and final judgment. (Doc. #53.) The settlement included a common fund of $350,000 to be used to pay all distributions to settlement class members who did not opt out, as well as a service award to the class representative, and attorney fees and litigation costs. (Id., p. 21.)

The settlement agreement provides that if there are funds remaining after distributions have been made to settlement class

1

members, the remainder of "any unclaimed funds will be given to a mutually agreed upon Cy Pres recipient." (Id., p. 11.) Plaintiff states that after full, final, and complete administration of the class, there is a balance of unclaimed funds in the amount of $96,174.10. (Doc. #55, ¶ 3.) According to Plaintiff, the parties have in good faith agreed upon the following non-profit organizations to which to distribute the unclaimed funds as Cy Pres:

1. Mandel Jewish Community Center of the Palm Beaches—*Designated for the Children's Autism Department*, allocation: $20,000.

2. Saint Jude's Children's Hospital, allocation: $20,000.

3. University of Miami School of Law—*Designated for a Consumer Law Related Scholarship*, allocation: $20,000.

4. Coast-to-Coast Legal Aid of Broward County, allocation: $12,000.

5. Legal Aid Service of Broward County, allocation: $12,000.

6. Dade Legal Aid and Put Something Back, allocation: $12,174.10.

(Id. at ¶ 4.) Accordingly, the parties move for an order approving the abovementioned Cy Pres recipients and permitting distribution of the amounts set forth above. (Id. at ¶ 5.)

## II.

Cy pres distribution is a common and proper method of distributing unclaimed settlement funds, subject to court approval

2

of the particular application of the funds. See Nelson v. Mead Johnson & Johnson Co., 484 F. App'x 429, 435 (11th Cir. 2012); see, e.g., Poertner v. Gillette Co., 618 F. App'x 624, 629 (11th Cir. 2015) (finding it was permissible for the district court to include a cy pres award as part of the settlement agreement); Wood v. J Choo USA, Inc., No. 15-cv-81487, 2017 U.S. Dist. LEXIS 204370, at *17 (S.D. Fla. May 8, 2017). Courts employing cy pres distribution have been inclined to distribute such unclaimed settlement funds to "worthy charities, especially to charities whose purposes harmonize with the underlying lawsuit." In re Checking Account Overdraft Litig., 830 F. Supp. 2d 1330, 1354 (S.D. Fla. 2011). "When the cy pres doctrine is employed by settling parties, the funds 'should be distributed for a purpose as near as possible to the legitimate objectives underlying the lawsuit, the interests of class members, and the interests of those similarly situated.'" Id. at 1355 (quoting In re Infant Formula Multidist. Litig., No. 4:91-cv-00878-MP, 2005 U.S. Dist. LEXIS 32957, 2005 WL 2211312, at *1 (N.D. Fla. Sept. 8, 2005)); In re Charter Sec. Litig., No. 3:84-cv-448-J-34PDB, 2016 U.S. Dist. LEXIS 35362, at *4-5 (M.D. Fla. Mar. 17, 2016)(recognizing similar factors for distribution of unclaimed funds).

    The present case involved a consumer class action challenging debt collection practices by I.Q. Data International with respect to class members who had purchased residential tenant bonds. (Doc.

3

#1, ¶¶ 1-4, 35.)  The non-profit organizations identified above implicate benefits for children's welfare, and promoting legal education and aid related to consumer law or that may assist other consumers.  While not entirely related to consumer welfare, the Court finds no reason not to approve the parties agreed upon Cy Pres recipients and their respective awards.  The Court accordingly finds that the remaining settlement funds may be properly distributed to these organizations.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Unopposed Motion for Approval of Cy Pres Recipients and Amounts is **GRANTED.**
2. The parties shall effect the cy pres distribution in the amounts and to the recipients identified herein within thirty (30) days of the date of this Order.

**DONE and ORDERED** at Fort Myers, Florida, this __21st__ day of April, 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

4